## THOMAS v. BLACK ET. AL.

*Trespass—Removal of Trespasser—Pleading—Landlord and Tenant.*

The only way of answering a good special traverse under the form of an *absque hoc* is to join issue upon it.

In an action of assault and battery, the declaration alleged generally that the defendants assaulted the plaintiff, " and then and there, with great force and violence, most wantonly and shamefully pushed, shoved, and dragged at, on, and pinched the said plaintiff," etc. The defendants pleaded their lawful possession of the premises in which the supposed trespass was committed, and that the plaintiff, being requested to leave, refused to do so, and that they used no more force than was necessary to expel her. The plaintiff replied *de injuria*, etc. *Held*, that the replication was sufficient to entitle the plaintiff to recover for the excess of force, if any was proven, and that, under the well-recognized rules of pleading, no new assignment was necessary or proper.

Where there are several pleas, each going to the entire merits of the case, and any one of them is found for the defendant, the defendant is entitled to the verdict of the jury.

A landlord has no right of entry upon leased premises for the purpose of occupying until the term granted is terminated by legal notice, and without this notice the tenant may hold over.

A tenant cannot dispute his landlord's title. But A having rented part of the premises from B, who had no color of title except that of an occupant, and afterwards renting the residue of the premises from C, the real owner, and B entering

upon the premises, A instituted proceedings under the act of forcible entry and detainer, and thereunder regained possession from B. *Held*, that this determined the right of possession between A and B, and that henceforth B had no legal authority over the premises.

Every trespasser upon premises refusing to go out on request may be expelled, and such force as is necessary for the expulsion may be used. If unnecessary force be used, the plaintiff may recover damages for the actual suffering thus caused. If the force be used maliciously, the jury may give damages for such maliciousness.

(<em>Kent, November 15, 1889.</em>)

ACTION of trespass *vi et armis*. Mrs. Thomas was the occupant of a certain property, which was owned by her husband's father, and upon which there was a mortgage given by him. It was sold under this mortgage by the sheriff to one Scotten. Mrs. Thomas, on December 23, 1887, still holding possession, leased the property to one Carter. In March, 1888, Carter subleased the second story to one Black. On April 15, 1888, after thus leasing to Black, Carter moved away from the premises, but leaving them locked up and retaining the key. In April, 1888, Scotten rented the premises to Black, who already had the second floor. In September, Carter surrendered to Mrs. Thomas, who re-entered. On September 28, 1888, proceedings under the act of forcible entry and detainer resulted in a writ of possession being granted, and on November 30, 1888, the possession was delivered to Black. On January 11, 1889, Mrs. Thomas again entered, and the alleged assault and battery occurred

*J. Alexander Fulton*, for the plaintiff, submitted the following prayers for instructions:

"(1) That if the jury believe that Robert A. Black's term under Edward Carter had expired before the assault was commited the said Black had no right to be in any part of the premises, and

his attempt to remove Mrs. Thomas was wholly unjustifiable, and plaintiff is entitled to recover upon that aspect of the case.

(2) That even if the lease by Black from Carter had not expired, for want of legal notice or otherwise, yet if the jury believe said lease was only for the shop upstairs, and the assault and battery took place in the lower part of the house, which Edward Carter never had leased to Black, it was wholly unjustifiable, and the plaintiff is entitled to recover upon that aspect of the case.

(3) That a tenant can never dispute the title of his landlord during the continuance of his term, nor until he has surrendered up possession of the demised premises to his lessor, and an under or subtenant can be in no better position than the tenant himself. Therefore Mr. Black, as a subtenant under Edward Carter, had no greater or stronger claim or right than Carter himself had; and, as this expired by the terms of the lease itself, on the last day of December, A. D. 1888, Black had no rights upon the premises the 11th of January, A. D. 1889, when the assault and battery was committed, and the same was wholly unjustifiable, and the plaintiff is entitled to recover upon this aspect of the case.

(4) That any arrangement between Black and Carter, or between Black and Scotten, or between any or all of them, having for its object the impairing of Mrs. Thomas' right, or ousting her of the possession, or prejudicial to her interest in the property in any way, would be a fraud upon her, and can in no way justify them, or any of them, in withholding from her possession, and can in no way justify or excuse an assault and battery.

(5) That even if Mr. Black had full possession and right of possession, and the right to remove the plaintiff by force, yet he had no right to use more force than was necessary for this purpose; and if the defendants exceeded this, in removing Mrs. Thomas, they are

liable for the excess, and she is entitled to recover upon this aspect of the case.

(6) That in estimating the force to be used the jury are to have regard to all the attending circumstances,—the size, strength, and number of the defendants, and the size, strength and sex of the plaintiff.

(7) That in actions of trespass a plaintiff is entitled, if the plaintiff recovers at all, to recover against both defendants, if both took any part in the assault and battery.

(8) That the plea ot *molliter manus imposuit* is not a full answer to the plaintiff's charge of pushing, shoving, and dragging the plaintiff in and about the room, and so forth, and therefore the plaintiff is entitled to recover for those wrongs and injuries, whether she had any right to be there or not.

(9) That if the jury believe that the plaintiff, under an honest and *bona fida* belief that she was entitled to the possession of the premises in dispute, and in which the assault and battery is alleged to have been committed, obtained a peaceable entry therein, the defendants had no right to remove her by force, and are liable in this action if an assault and battery was committed upon her.

(10) That if the jury believe that the force was excessive, and the conduct of the defendants was malicious, wanton, or reckless, the plaintiff is entitled to recover exemplary damages; and in estimating or fixing the damages they may take into consideration her sex, her lonely and desolate condition, as well as the size, strength, and number of her assailants."

. *John R. Nicholson,* for defendant.

COMEGYS, C. J., (*charging the jury.*) At the time the plaintiff closed her case in chief before the jury, the defendants' counsel

moved a nonsuit, on the ground that nothing was put in issue by the special pleadings but the facts alleged in defense in the second, third, and fourth pleas; that it appeared by the testimony of her own witnesses in the cross-examination that the defendant Black was in possession of the premises at the time of the alleged traspass; and that the evidence elicited by it supported the pleas in their behalf, —thus showing that the plaintiff had no case. We decline to do that, because the allegations in the *narr.*, and which there was testimony tending to support, were such as the jury, we thought, ought to pass upon, in considering the question whether the force used to eject the plaintiff was such as, under the circumstances, was reasonable and lawful. In his argument to the Court upon the law, when the learned counsel for the defendants made his reply to the address to the Court of the plaintiff's counsel, he, in effect, asked the Court to instruct the jury that the only issue for them to try, upon the special pleas, setting forth the true matter of defense,—the second, third and fourth pleas,—was the truth of the facts alleged in those pleas specfically; that is, the special matter of the defendant Black's possession of the premises described, the plaintiff's alleged unlawful entry into them, her refusal to leave them on request, and her expulsion thence by the means stated. The argument made by the defendants' counsel upon this request was very ingenius as well as forcible; but after considering it as well as we have been able to do, and having examined the authorities cited by him, and having also considered the reply to it and them by the learned counsel for the plaintiff, with the authorities produced by him in support of such reply, we have come to the conclusion that we ought not to give the instruction asked for by the defendants' counsel.

If there were no other question proper to be considered by us than that argued by the defendants' counsel, affecting the case before the jury, we should give more observation to the authorities he has cited in support of his prayer than we feel called upon to do, and also to the opposing authorities cited by the plaintiff's counsel. But there is such a question, and it arises out of the character of the

second and fourth pleas of the defendants. It will be seen, upon examination, that each of these contains a special traverse under the form of an *absque hoc ;* that is, they respectively set forth the special defense before referred to, and then contain the special traverse of the plaintiff's *narr.,—absque hoc,* " without this that they, the said defendants, are guilty of the said supposed trespasses, or any or either of them, elsewhere than in the said dwelling-house, situate as aforesaid." In pleadings (Steph. Pl. 186, et seq.) all the matter of defense set forth in the pleas prior to the special traverse, where one is used, is called the " inducement," the real traverse being the *absque hoc.* It is a rule of pleading that the opposite party has no right to traverse the inducement ; or, as the rule is more commonly expressed, " there must be no traverse upon a traverse." " The reason of this rule;" says Stephen, is clear and satisfactory. By the first traverse, a matter is denied by one of the parties which had been alleged by the other, and which, having once alleged it, the latter is bound to maintain, instead of prolonging the series of the pleadings and retarding the issue by resorting to a new traverse." Again, at page 189 : " As the inducement of a special travease when the denial under the *absque hoc* is sufficient, can neither be traversed, nor confessed and avoided, it follows that there is, in that case, no manner of pleading to the inducement. The only way, therefore, of answering a good special traverse, is to join issue upon it." Such is the law as laid down in one of the most reliable of text-books upon any subject, and by an author who has given more attention to the special traverse, such as that under consideration, than any one who has written of pleading. The replication of *de injuria,* etc., to each of the second and fourth pleas, tenders issue to the defendants, which should have been tendered by the defendants themselves, as matter of good form. The tender being accepted, the parties are at issue upon the special traverses, which, being preceded by the plea of not guilty to the declaration, gave to them the right, and put upon her, if she intended to rely upon the case made by the *narr.,* the duty, of proving it as set forth, in substance. Not

having, at least, taken any steps to put in issue, at law or in fact, the negative allegation in the special traverse that the supposed trespasses were done elsewhere than in the dwelling-house mentioned in those pleas, she is to be taken to admit that they were done there. The effect of this is to support the defendants' allegations of the fact that the alleged trespass was in said dwelling-house, leaving open the question whether it was an abuse of power to any extent or not. The third plea of the defendants, to which the learned counsel for them called our special attention, alleges simply the laying of hands gently, *molliter manus imposuit,* upon the defendant, to remove her from the premises mentioned; and the defendant tenders issue upon that, with his replication of *de injuria,* which is accepted. Thus the issue upon that plea is very simple,—it is whether the defendant Black was lawfully possessed of said premises at the time mentioned, whether the plaintiff then trespassed upon them, and whether he and the defendant Kinnamon, whom he had called to his aid under the statute, as a peace-officer, gently or not laid their hands upon her to arrest her. If that plea be found for the defendants, then the plaintiff has no claim to a verdict at the hands of the jury; for the rule is that where there are several pleas, and any one of them which goes to the entire merits of an action, as each of these three several pleas does in this case, is found by the jury for a defendant, he is entitled to the verdict of the jury; the plea being a complete answer to the complaint of the plaintiff.

*To the First Prayer.* By the testimony of Black it appears that he rented from Carter the upper part of the premises which he had taken under the lease of the whole from the plaintiff. This fact is not disputed. As no notice was given by her to Carter for him to quit at the end of the term, nor by Carter to Black, they severally had the right, so far as the plaintiff is concerned, to hold over their respective premises for the year 1888, upon the terms of the renting, and she had no right of entry into them for the purpose of occupying, until the term granted by her had been termi-

33

nated by legal, except for certain limited purposes, not necessary to be stated, and which do not affect the question here.

*The Second Prayer* is sufficiently answered by the foregoing, and what will follow in answer to other prayers.

*To the Third Prayer.* Although it is true that a tenant cannot dispute or gainsay his landlord's title, yet it appears by the record of Justice Brown, in evidence before the jury, that while the alleged right of the plaintiff was, as between herself and Carter and Black, claimed by her as continuing, the said Black, having rented the residue of the premises from Scotten, the owner under the sheriff's deed in evidence, and being in possession, and having been entered upon by the plaintiff, instituted proceedings under the act of forcible entry and detainer, and, upon a trial before the said justice and a jury, recovered against her, and caused to be issued upon the judgment rendered a writ of possession, which was executed by delivery to him of possession of said premises and putting her out. This operated, so far as those parties were concerned, to establish his right to the possession, and to deny to her any right to withhold it from him. As the plaintiff, so far as anything appears to the contrary by the evidence in this case, never had any right to deal with the property in question in any way as owner,— she having no color of legal authority for that purpose,— any appearance of right she might, as between herself and Carter and Black, have had at the time of her lease to Carter, was and never could have been more than that of a mere occupant without color of title, and had entirely ended, at least so far as Black is concerned, by virtue of the aforesaid proceedings in forcible entry and detainer before the justice. Thenceforth as to him, as she had before been to Scotten from the time his title accrued, she was incapable of exercising any legal authority over the premises. Her entry into them on the 11th of January last was as a mere trespasser, and she became liable to be treated as such by the lawful owner of the property, or a party in possession of it.

These are the answers to the principal prayers. With respect

to the others, it is sufficient to say that every tresspasser may be expelled from premises if he will not go out on request, and so much force may be used for the purpose of expulsion, but no more, as is necessary to secure it. If there be excess of force, the plaintiff may recover for that which he can prove was the actual suffering on account of it. If it be shown to have been used maliciously, or in such excess as evidently to warrant the inference of actual purpose to injure, the jury may give damages for such maliciousness.

Verdict, not guilty.